<u>NOT FOR PUBLICATION</u>                                    (Document No. 38)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                          :
JAMES O. RAINES,                          :
                                          :        Civil No. 11-5681 (RBK/AMD)
                        Plaintiff,        :
                                          :
            v.                            :        **OPINION**
                                          :
                                          :
HAVELY G. LAPPIN, et al.                   :
                                          :
                        Defendants.       :
_____   :

**KUGLER**, United States District Judge:

       This is a *Bivens* action brought by Plaintiff James O. Raines ("Plaintiff") against fifteen present and former employees of the Federal Bureau of Prisons (collectively, "Defendants") for injuries he allegedly suffered during his incarceration at three federal corrections facilities. Currently before the Court is a motion on behalf of six defendants to dismiss Plaintiff's complaint for lack of personal jurisdiction (Doc. No. 38). *See* Fed. R. Civ. P. 12(b)(2). For the reasons stated herein, the Court will grant the motion.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       During the time period relevant to this litigation, August 2001 through September 2011, Plaintiff was incarcerated at three federal corrections facilities: first at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), then at the Federal Correctional Institution at Ray Brook, New York ("FCI Ray Brook"), and finally at the Federal Correctional Institution at Elkton, Ohio ("FCI Elkton"). His Complaint alleges that Defendants failed to provide him

1

with adequate protection from allegedly hazardous substances he claims to have been exposed to while working at the Federal Prison Industries Laser Cartridge Remanufacture Facility at FCI Fort Dix.  He further claims that this exposure caused him to experience numerous health effects, including skin rashes, hair loss, and burning pain in his legs.  Compl., Counts One and Two. Further, Plaintiff claims that Defendants failed to administer proper medical tests once he began to present with these symptoms, and that the resulting improper diagnosis aggravated his condition.  Compl., Count Three.

Plaintiff's Complaint names fifteen Defendants, six of whom were federal corrections employees at either FCI Rye Brook or FCI Elkton: Dawn Marini, Kim Burdo, Janet Bunts, Gary Bullock, John Dunlop, and Wayne Flatt.  These six Defendants filed the instant motion to dismiss Plaintiff's Complaint against them for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  Specifically, they assert that there is no basis upon which a New Jersey Court may exercise either specific or general personal jurisdiction over them.  Five of the Defendants aver that they have never owned real property in New Jersey, had a residence in New Jersey, worked in New Jersey, or had a business interest in New Jersey.  Def.'s Br. in Support of Mot. to Dismiss 6-7.  The sixth Defendant, Dawn Marini, avers that she has had no such relationship to New Jersey since 1988.  Marini Decl. ¶ 23.

## II.    DISCUSSION & ANALYSIS

On a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing such jurisdiction.  *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  However, when the factual record contains only pleadings and affidavits, this burden involves merely establishing a prima facie case that personal jurisdiction exists over the defendant.  *Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 1722607 at *3

(D.N.J. June 20, 2006).  Further, for purposes of deciding the motion, the Court accepts as true the factual allegations stated within the complaint.  *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 2008) (discussing Rule 12(b)(2)).

Sitting in New Jersey, the Court may exercise personal jurisdiction over an out of state defendant only to the extent authorized by the state's long arm statute.  Fed. R. Civ. P. 4(k)(1)(A). The New Jersey statute, however, is "intended to extend as far as is constitutionally permissible."  *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.1981).  Thus, the Court applies general principles of federal constitutional law in order to determine whether it may exercise jurisdiction over Defendant.

The exercise of personal jurisdiction over a non-resident defendant depends upon whether that defendant has established "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  In particular, when a defendant establishes such minimum contacts, the Court may exercise so-called "specific personal jurisdiction" over that defendant for claims arising out of those contacts.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992).  In determining whether specific personal jurisdiction exists in a given claim, the principal inquiry is whether the defendant, by some affirmative act, has "purposely avail[ed] itself of the privilege of conducting activities within the forum state." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Alternatively, a court may exercise "general personal jurisdiction" over a defendant that has "maintained systematic and continuous contacts with the forum state."  *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing

3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8 (1984)).  If a defendant maintains this level of contact with the forum state, personal jurisdiction will lie regardless of the claim's subject matter.

In this case, it is clear that none of the six defendants has maintained the sort of "systematic and continuous contacts" with New Jersey that would give rise to general jurisdiction; indeed, five of them appear to have no contacts at all, while the sixth has not had any contacts for almost twenty-five years.  *See Marten*, 499 F.3d at 296.  Similarly, there exists no specific personal jurisdiction over any of these six defendants because there is no indication that any of them have "purposefully availed [themselves] of the privilege of conducting activities" in New Jersey.  *See Grand Entertainment Group*, 988 F.2d at 482.  Further, any contacts that might exist appear to have nothing to do with the substance of Plaintiff's claims against them, involving alleged acts and omissions at prison facilities in Ohio and New York. For these reasons, the Court must grant these Defendants' motion to dismiss Plaintiff's claims against them for want of personal jurisdiction.

## III.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) will be granted.  The Court will issue an appropriate order.

Dated:    5/24/2013                               /s/ Robert B. Kugler            _
                                                  ROBERT B. KUGLER
                                                  United States District Judge

4